NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ALBERTO ESCOBAR-ASCENCIO,<br><br>          Petitioner,<br><br>     v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent. | No.    15-73678<br><br>Agency No. A089-846-488<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 7, 2022
Pasadena, California

Before:  BERZON and FRIEDLAND, Circuit Judges, and KORMAN,** District
Judge.

Carlos Alberto Escobar-Ascencio ("Escobar-Ascencio"), a native and citizen

of El Salvador, petitions for review of the Board of Immigration Appeals'

("BIA's") dismissal of his appeal of the immigration judge's ("IJ's") denial of his

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

application for withholding of removal and relief under the Convention Against Torture. We deny the petition in part and grant it in part.

1. Substantial evidence supports the BIA's determination that Escobar-Ascencio does not qualify for withholding of removal because his proposed particular social group of "former gang members of the Mara 18 gang in El Salvador who have renounced their gang membership" is not cognizable. This Court rejected the same proposed group, in the same society, in *Garay Reyes v. Lynch*, 842 F.3d 1125 (9th Cir. 2016). Escobar-Ascencio has not pointed to any record evidence compelling a different result here. Because substantial evidence supports the BIA's determination that Escobar-Ascencio's proposed particular social group is not cognizable, we do not reach the BIA's alternative holding that Escobar-Ascencio has not shown that the government is unable or unwilling to control his persecutors.

2. The BIA's determination that Escobar-Ascencio failed to establish his eligibility for relief under the Convention Against Torture was based on legal error and on an erroneously truncated consideration of the factual record.

First, the IJ relied on the rationale that Largo was a "rogue" police officer and therefore that there was not sufficient evidence that the torture Escobar-Ascencio feared would be carried out with the acquiescence of the government of El Salvador. To the extent it is unclear whether the BIA incorporated the IJ's

2

rationale, we accept the government's representation that it did. This Court has repeatedly held that there is no "'rogue official' exception" to relief under the Convention Against Torture. *Macedo Templos v. Wilkinson*, 987 F.3d 877, 884 (9th Cir. 2021); *Barajas-Romero v. Lynch*, 846 F.3d 351, 362 (9th Cir. 2017). The requirement that the torture be "inflicted by or at the instigation of or with the consent or acquiescence of a public official," 8 C.F.R. § 1208.18(a)(1) (2020), is met if a public official "is the perpetrator or knowingly acquiesces to the torture," regardless whether the official was "acting in [his] official capacity" or "carrying out his official duties," *Macedo Templos*, 987 F.3d at 884; *see also Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013). Here, the record leaves no room for doubt that Largo, a uniformed police officer, was a public official who seriously assaulted Escobar-Ascencio. Escobar-Ascencio has therefore "sufficiently demonstrated that he was the victim of an official perpetration of violence." *Macedo Templos*, 987 F.3d at 884.

Second, although the government now maintains that the agency's Convention Against Torture acquiescence ruling can be upheld, despite the erroneous "rogue official" rationale, based on the IJ and BIA's assertion that Escobar-Ascencio's problems with Largo were limited to a single incident, the single-incident reasoning cannot be disentangled from the agency's erroneous reliance on the "rogue official" exception. The agency's reliance on the "rogue

3

official" rationale reflected that the agency did not consider the factual record as a whole, but was focused on the single incident with Largo.

The record reveals a more complex picture of the interactions among Escobar-Ascencio, the gang members who attacked him, and the police. For example, Escobar-Ascencio testified that various members of the police extorted him. The record also shows some relationship between extortion and violence because Escobar-Ascencio was repeatedly attacked by gang members because he had not paid the "rent" the gangs demanded. Further, the record reflects that Largo's assault on Escobar-Ascencio was related to at least one gang attack, that police cadets were present during the assault and took no action to stop it, that Escobar-Ascencio's reporting of gang attacks increased threats that the police would work with gangs rather than protect him, and that Escobar-Ascencio had knowledge of police officers active in gangs and sharing information with gangs. The evidence in the record that police other than Largo sanctioned and participated in gang violence is relevant to an analysis of the likelihood of future torture, so the agency was required to consider it. *See Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc).

For these reasons, we grant the petition in part and remand for reconsideration of the petition for relief under the Convention Against Torture, including (1) consideration of the acquiescence factor without the "rogue official"

error; (2) consideration of police involvement in gang activity on the record as a whole and with consideration of the Country Report for El Salvador and other country conditions evidence; (3) a determination whether Largo's assault qualified as torture; and (4) a ruling on whether Escobar-Ascencio has "otherwise established that it [is] more likely than not he would be tortured if returned" to El Salvador. *Macedo Templos*, 987 F.3d at 884.

**PETITION DENIED IN PART, GRANTED IN PART, AND REMANDED.**